**O**

# United States District Court
# Central District of California

ROSEMARIE MESA,

               Plaintiff,

     v.

VICTOR LUIS MESA, et al.,

               Defendants.

Case № 2:21-cv-03550-ODW (MARx)

**ORDER GRANTING DEFENDANT VICTOR LUIS MESA'S MOTION TO DISMISS [36]**

## I.   INTRODUCTION

Defendant Victor Luis Mesa ("Defendant") moves to dismiss the claims asserted against him in Plaintiff Rosemarie Mesa's First Amended Complaint.  (*See generally* Mot. Dismiss, ECF No. 36; First Am. Compl. ("FAC"), ECF No. 16.)  As explained below, the Court **GRANTS** Defendant's Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

Plaintiff pleads few facts regarding her claims against Defendant.   Plaintiff alleges that on or about September 19, 2004, decedent Joseph Mesa, who was at the time over sixty-five years old, sold real property located at 1213 W. "L" Street, Wilmington, California, 90744 to Defendant Victor Luis Mesa for approximately $90,000.  (FAC ¶¶ 14–15.)  Plaintiff further asserts that, at the time of sale, the property had a market value of around $400,000.  (*Id.* at ¶ 15.)  Plaintiff finally alleges that she did not discover the circumstances of the sale until April 5, 2021.  (*Id.* at ¶ 16.)

On April 26, 2021, Plaintiff Rosemarie Mesa, as a personal representative for the Estate of Joseph Mesa and as an individual, initiated this action against Defendant Victor Luis Mesa and others.  (Compl., ECF No. 1.)  On August 4, 2021, Plaintiff filed the operative First Amended Complaint, alleging fourteen causes of action, ten of which are asserted against Defendant:  (1) fraud by intentional misrepresentation; (2) fraud by negligent misrepresentation;   (3) intentional infliction of emotional distress; (4) declaratory relief; (5) conspiracy to participate in racketeering and violation of the RICO Act under 18 U.S.C. § 1962(d); (6) conspiracy against civil rights, 42 U.S.C. § 1985(3);  (7) interference with contractual relationship;  (8) cancellation of instruments; (9) quiet title; and (10) set aside fraudulent transfer.  (*See generally* FAC.)

On September 3, 2021, Defendant Victor Luis Mesa filed a Motion to Dismiss as to the claims against him.  (*See generally* Mot.)  A hearing on the Motion was scheduled for October 4, 2021.  (*Id.*)  On September 13, 2021, Plaintiff filed a Notice of Non-Opposition.  (Notice of Non-Opp'n, ECF No. 39.)  On September 17, 2021, Defendant filed a Reply in reliance on Plaintiff's Notice of Non-Opposition.  (Reply, ECF No. 40.)  Subsequently, on September 25, 2021, Plaintiff filed an Opposition to Defendant's Motion.  (Opp'n, ECF No. 41.)  As explained below, Plaintiff's filing of her Notice of Non-Opposition and the untimely filing of her Opposition render Defendant's Motion unopposed.   Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's claims to the extent they are asserted against Defendant.

### III.   DISCUSSION

Under the Local Rules of the Central District of California, a plaintiff must file an opposition to a motion to dismiss no later than twenty-one days prior to the hearing date.   C.D. Cal. L.R. 7-9.   A plaintiff's failure to file a timely opposition "may be deemed consent to the granting . . . of the motion."   C.D. Cal. L.R. 7-12.   *See also*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (holding that a court may dismiss an action based on a party's failure to comply with the court's Local Rules).

Prior to dismissing an action pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures.   *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).   However, "[e]xplicit findings with respect to these factors are not required."   *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).   In *Ghazali*, the Ninth Circuit found these factors favored granting the motion to dismiss when the plaintiff received notice of the motion, had ample opportunity to respond, yet failed to do so.   *See Ghazali*, 46 F.3d at 54.

Here, Defendant argues that Plaintiff's allegations are insufficient to support her claims.   (*See generally*, Mot.)   However, the Court need not, and does not, reach the merits of the Motion because Plaintiff filed a Notice of Non-Opposition, which Defendant relied upon in filing his Reply.   (*See generally* Mot.; Reply at 2–3.) Additionally, Plaintiff failed to timely oppose the Motion.   Applying Local Rule 7-9 to Plaintiff's noticed hearing date of October 4, 2021, Plaintiff's opposition was due to be filed on September 13, 2021.   *See* C.D. Cal. L.R. 7-9.   Plaintiff's September 25, 2021 Opposition was thus untimely.   Consequently, the Court is inclined to consider the motion as unopposed, and therefore grant, Defendant's Motion.

A review of the *Ghazali* factors further supports granting the Motion.  Plaintiff's Notice of Non-Opposition explicitly and unambiguously states that Plaintiff elected not to oppose the Motion.  (Notice of Non-Opp'n 1.)  Plaintiff did not file a notice of error or make any attempt to retract her Notice of Non-Opposition.  Consequently, in his Reply, Defendant relied on Plaintiff's choice to not oppose.  (Reply 2–3.)  Plaintiff also had ample opportunity to timely file an opposition, yet still filed her Opposition late, further depriving Defendant of a chance to reply.  Thus, there is a significant risk of prejudice to Defendant if his Motion is not granted.  Because Plaintiff did not file a timely opposition, and because Plaintiff instead filed a Notice of Non-Opposition, the Court deems Defendant's Motion unopposed.

## IV.    CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss, (ECF No. 36).  Thus, Plaintiff's action with respect to Defendant Mesa is **DISMISSED** without leave to amend.

**IT IS SO ORDERED.**

January 7, 2022

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**